UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANNETTE P. JONES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case no. 4:09cv0419 TCM |
| HEALTHLINK, INC., et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This dispute is before the Court[1] on two motions to dismiss the amended complaint for failure to state a claim, see Fed.R.Civ.P. 12(b)(6): one by defendant Healthlink, Inc. ("Healthlink"), and one by defendant Principal Life Insurance Company ("Principal"). [Docs. 23, 30] Plaintiff, Annette P Jones, opposes both motions.

## Background

This case is about an alleged failure to provide Plaintiff with the notices required by the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. §§ 1161-68, and with documents relevant to her employee welfare benefit plan as defined and regulated by the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461.

Relevant to the pending motions are the following allegations. Plaintiff was employed by Kum and Go, L.C. ("K&G") until April 30, 2007. (Am. Comp. ¶¶ 3, 13, 15.) K&G is a subsidiary or division of Krause Gentle Corporation ("Krause"). (Id. ¶ 3.) When employed,

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

Plaintiff was a participant in the Krause Gentle Corporation Employee Welfare Benefit Plan, sometimes referred to as the Kum and Go Employee Benefit Plan ("the Plan"). (Id. ¶¶ 4, 14.) On or about October 14, 2008, Plaintiff was notified that the end of her employment on April 30, 2007, was a qualifying event under COBRA entitling her to elect to continue coverage under the Plan. See 29 U.S.C. §§ 1161(a) (requiring that qualified beneficiaries of covered group health may elect to continue coverage under plan), 1163(2) (termination of employment is qualifying event for purposes of COBRA). (Id. ¶ 18.) Additionally, between April 30, 2007, and October 14, 2008, "defendants or one or more of them" sought refunds of monies paid to health care providers for services rendered to Plaintiff during that interval. (Id. ¶ 17.)

Plaintiff alleges in Count I that all defendants are liable under COBRA for not providing her the required notice of her right to continue coverage.[2] In Count IV she alleges that all defendants failed to provide her with an initial notice of her rights under COBRA.[3] Counts II and III are only against Principal and the Plan. Count II seeks equitable relief based on their alleged recoupment of monies paid to health care providers in the interval. Count III seeks monetary penalties and equitable relief for their alleged failure to respond to her request for copies of Plan documents.

---

[2]Title 29 U.S.C. §§ 1166(a)(4), (c) require that a plan beneficiary be notified of his or her rights within fourteen days of a qualifying event.

[3]Title 29 U.S.C. § 1166(a)(1) requires that written notice of a group health plan be provided to an employee and spouse at the beginning of the employee's coverage under the plan.

Specific allegations against Healthlink and Principal relevant to their respective motions to dismiss are set forth below.

### Discussion

"'While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of her "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" **Benton v. Merrill Lynch & Co.**, 524 F.3d 866, 870 (8th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" **Ashcroft v. Iqbal**, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." **Id.** (citing Twombly, 550 U.S. at 556). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." **Id.** "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" **Id.** (quoting Twombly, 550 U.S. at 557). This standard reflects "two working principles." **Id.** "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." **Id.** "Second, only a complaint that states a plausible claim for relief survives

a motion to dismiss." **Id.** at 1950. This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." **Id.**

When applying this standard, the Court generally assumes to be true the factual allegations in the complaint and construes those allegations in favor of the plaintiff. **Data Mfg., Inc. v. United Parcel Serv., Inc.**, 557 F.3d 849, 851 (8th Cir. 2009). The Court is not, however precluded in its review of the complaint from taking notice of materials that do not contradict the complaint or are "necessarily embraced by the pleadings." **Noble Sys. Corp. v. Alorica Central, LLC**, 543 F.3d 978, 982 (8th Cir. 2008) (internal quotations omitted). If the Court does consider matters outside the pleadings, i.e., any written evidence that does not merely reiterate but substantiates the pleading, the motion to dismiss is to be treated as a motion for summary judgment. **McAuley v. Federal Ins. Co.**, 500 F.3d 784, 787 (8th Cir. 2007). See also **Levy v. Ohl**, 477 F.3d 988, 991 (8th Cir. 2007) (noting that in the Eighth Circuit, conversion of a motion to dismiss to a motion for summary judgment is not automatic).

In determining the merits of the pending motion, the Court will consider only one of the thirteen documents submitted by Plaintiff. Specifically, the Court will consider only the 2007 Plan booklet submitted by Plaintiff. See Plaintiff's Exhibit 2.[4] Plaintiff's remaining documents, documents ranging from e-mails relating to her health insurance card to correspondence relating to the repayment of monies expended for her health care during the

---

[4]Plaintiff also submitted, among other documents, the Plan booklet for 2006. The relevant year, however, is 2007.

period in question, either contradict the complaint or substantiate, not reiterate, the allegations in the complaint. The Court will not consider any of the three documents submitted by Principal, an undated summary plan description and two agreements between K&G and Principal. These documents, which Plaintiff contends she never received, are not "embraced by" the amended complaint.

<u>Healthlink.</u>  Healthlink moves to dismiss the two counts against it – Counts I and IV – on the grounds that there are no allegations tying it to the claims that Plaintiff did not receive the proper notices required by COBRA.

Plaintiff's first amended complaint is organized by topic and then by count. The topics include "nature of the action, jurisdiction and venue," "parties," and "common facts." Each count includes a title, e.g., Count I is titled "COBRA notification/election penalties after event qualifying for COBRA continuation, and equitable relief." The introductory sentence of each of the four counts begins with "For her _____ cause of action," with the rank of the count, i.e., first, second, third, and fourth, being inserted before "cause." Counts II and III read "against Principal and Plan" after the word "action," e.g., Count II reads "For her second cause of action against Principal and Plan." The prayer for relief in Counts I and IV requests that judgment be entered in the amount of the statutory penalty until the appropriate notice has been issued, that the Plan and Principal be ordered to continue health insurance until the appropriate notice has been given, and that the Plan and Principal be required to, "with the help of [Healthlink] whose help shall be at the expense of the other defendants," account for all "charge-backs" and refunds made by healthcare providers to

Defendants. This last request appears in a similar form, but not identical wording, in the prayers for relief in Counts II and III.

The notice pleading standard of Rule 8(a) of the Federal Rules of Civil Procedure simply requires that a complaint "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." **Swierkiewicz v. Sorema N.A.**, 534 U.S. 506, 512 (2002). Plaintiff specifically designates Principal and the Plan as the two defendants against whom she is bringing the claims in Count II and III. In her opposition to the motion to dismiss, Plaintiff argues that Healthlink does not contend that paragraphs 6 and 7 are insufficient to show that it had "some role." Those paragraphs allege that there was an agreement that Healthlink "determine and confirm" whether Plaintiff had coverage and was identified on the health insurance cards issued by Principal to Plaintiff as the entity to which claims should be sent. (Am. Comp. ¶¶ 6-7.) These allegations, however, fail to put Healthlink on notice of why Plaintiff holds it accountable for allegedly not giving the notices required by COBRA. See e.g. **Eckert v. Titan Tire Corp.**, 514 F.3d 801, 806 (8th Cir. 2008) (simply invoking ERISA in jurisdictional section of complaint was insufficient to give defendant notice of ERISA claim); **Tatum v. State of Iowa**, 822 F.2d 808, 810 (8th Cir. 1987) (district court did not err in dismissing without prejudice action which pled facts which, if true, stated equal protection claim but did not plead how defendants were responsible for that claim); **Secure Energy, Inc. v. Coal Synthetics**, No. 4:08cv1719 JCH

(E.D. Mo. June 15, 2009) (court need not "create claims that were not clearly raised" or "conjure up unpled allegations to save a claim").

Plaintiff further argues that Healthlink "does not address the principal reason it is a defendant in this case." (Pl. Mem. at 4.) That reason is set forth in paragraph 8 of the amended complaint: "In the event this Court grants some of the equitable, declaratory and/or injunctive relief sought by Plaintiff, apart from any liability [Healthlink] may incur as may later [sic] determined as the result of discovery necessary to be conducted in this action as to the specific further involvement of [Healthlink] . . . . [Healthlink] is a necessary party to this action . . . ." (Am. Comp. ¶ 8.)

"'[I]t is the facts well pleaded, not the theory of recovery or legal conclusions,' that state a cause of action and put a party on notice." **Hopkins v. Saunders**, 199 F.3d 968, 973 (8th Cir. 1999) (quoting Economy Housing Co. v. Continental Forest Prods., Inc., 757 F.2d 200, 203 (8th Cir. 1985)). There are no well pleaded facts against Healthlink that state a cause of action against it for not providing required notices under COBRA.

For the foregoing reasons, Healthlink's motion to dismiss shall be granted.

Principal. Principal is a named defendant in all four counts. It argues that it should be dismissed because it is not the plan administrator, as is necessary for liability under Counts I and IV; it is not a fiduciary, as is necessary under Count II; and it is neither a plan administrator nor plan sponsor, as are necessary under Count III. Plaintiff disagrees.

In **Delcastillo v. Odyssey Resource Mgmt., Inc.**, 431 F.3d 1124 (8th Cir. 2005), the Eighth Circuit Court of Appeals summarized the notice requirements of COBRA.

> COBRA requires that a group health plan provide, "at the time of commencement of coverage under the plan, written notice to each covered employee . . . of [his COBRA] rights." 29 U.S.C. § 1166(a)(1). Those rights include the sponsoring employer's obligation to offer continuation coverage to employees and their spouses for at least eighteen months following a "qualifying event" that results in a loss of group health plan coverage. See 29 U.S.C. §§ 1161(a), 1162(2), 1163. When a qualifying event occurs, the plan administrator must give a timely additional notice of the right to elect continuation coverage. See 29 U.S.C. § 1166(a)(4). A plan administrator that fails to meet either or both of these notice requirements "may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure . . . and the court may in its discretion order such other relief as it deems proper." 29 U.S.C. § 1132(c)(1).

**Id.** at 1129. As noted by Principal, a "plan administrator" is defined in 29 U.S.C. § 1002(16)(A) as "(i) the person specifically so designated by the terms of the instrument under which the plan is operated; (ii) if an administrator is not so designated, the plan sponsor; or (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe." As also noted by Principal, "a claim by a putative beneficiary to recover benefits due her under the terms of a benefit plan must be brought against the Plan or the Plan Administrator." (Principal Mem. at 6.) See 29 U.S.C. § 1166(a)(4) (requiring administrator of group health plan to notify qualified beneficiary of COBRA rights).

In **Hall v. Lhaco, Inc.**, 140 F.3d 1190 (8th Cir. 1998), cited by Principal, the issue before the court was whether the district court had erred by granting *summary judgment* to a defendant who had argued that it was not the plan administrator. **Id.** at 1192. Acknowledging the definition of plan administrator in § 1002(16)(A), the court noted that

there was "a split in the circuit courts of appeals as to whether some party other than the one designated in the plan instrument can be a '*de facto*' administrator of the plan." **Id.** at 1195. The Eighth Circuit had not yet had to decide the question, however, nor did the case before it require that the court do so then, in part "because of the lack of development of the record . . . ." **Id.**

Similarly, in the instant case, the record is undeveloped as to who was the Plan administrator in April 2007. Cf. **Ross v. Rail Car America Group Disability Income Plan**, 285 F.3d 735, 743 (8th Cir. 2002) (affirming grant of *summary judgment* in favor of entity who had control over claim under policy at issue but was not identified in plan documents as plan administrator). The dismissal of Counts I and IV against Principal is premature at this stage in the proceedings.

The dismissal of Count II is also premature. Principal argues that dismissal is proper because equitable relief is not available against a non-fiduciary.

A fiduciary is defined in 29 U.S.C. § 1002(21)(A) as a person who, among other things, "exercises any discretionary authority or discretionary control respecting management of such plan or . . . has any discretionary authority or discretionary responsibility in the administration of such plan." "Clearly, discretion is the benchmark for fiduciary status under ERISA." **Maniace v. Commerce Bank of Kansas City, N.A.**, 40 F.3d 264, 267 (8th Cir. 1994). To determine a party's fiduciary status, "[a] court must ask whether [an entity] is a fiduciary with respect to the particular activity in question." **Id.** (internal quotations

there was "a split in the circuit courts of appeals as to whether some party other than the one designated in the plan instrument can be a '*de facto*' administrator of the plan." **Id.** at 1195. The Eighth Circuit had not yet had to decide the question, however, nor did the case before it require that the court do so then, in part "because of the lack of development of the record . . . ." **Id.**

Similarly, in the instant case, the record is undeveloped as to who was the Plan administrator in April 2007. Cf. **Ross v. Rail Car America Group Disability Income Plan**, 285 F.3d 735, 743 (8th Cir. 2002) (affirming grant of *summary judgment* in favor of entity who had control over claim under policy at issue but was not identified in plan documents as plan administrator). The dismissal of Counts I and IV against Principal is premature at this stage in the proceedings.

The dismissal of Count II is also premature. Principal argues that dismissal is proper because equitable relief is not available against a non-fiduciary.

A fiduciary is defined in 29 U.S.C. § 1002(21)(A) as a person who, among other things, "exercises any discretionary authority or discretionary control respecting management of such plan or . . . has any discretionary authority or discretionary responsibility in the administration of such plan." "Clearly, discretion is the benchmark for fiduciary status under ERISA." **Maniace v. Commerce Bank of Kansas City, N.A.**, 40 F.3d 264, 267 (8th Cir. 1994). To determine a party's fiduciary status, "[a] court must ask whether [an entity] is a fiduciary with respect to the particular activity in question." **Id.** (internal quotations

there was "a split in the circuit courts of appeals as to whether some party other than the one designated in the plan instrument can be a '*de facto*' administrator of the plan." **Id.** at 1195. The Eighth Circuit had not yet had to decide the question, however, nor did the case before it require that the court do so then, in part "because of the lack of development of the record . . . ." **Id.**

Similarly, in the instant case, the record is undeveloped as to who was the Plan administrator in April 2007. Cf. **Ross v. Rail Car America Group Disability Income Plan**, 285 F.3d 735, 743 (8th Cir. 2002) (affirming grant of *summary judgment* in favor of entity who had control over claim under policy at issue but was not identified in plan documents as plan administrator). The dismissal of Counts I and IV against Principal is premature at this stage in the proceedings.

The dismissal of Count II is also premature. Principal argues that dismissal is proper because equitable relief is not available against a non-fiduciary.

A fiduciary is defined in 29 U.S.C. § 1002(21)(A) as a person who, among other things, "exercises any discretionary authority or discretionary control respecting management of such plan or . . . has any discretionary authority or discretionary responsibility in the administration of such plan." "Clearly, discretion is the benchmark for fiduciary status under ERISA." **Maniace v. Commerce Bank of Kansas City, N.A.**, 40 F.3d 264, 267 (8th Cir. 1994). To determine a party's fiduciary status, "[a] court must ask whether [an entity] is a fiduciary with respect to the particular activity in question." **Id.** (internal quotations

omitted). "[C]lassic fiduciary" activities include "answering questions about a plan, . . . [and] disseminating information directly to plan participants concerning their rights within the plan . . . ." **Anderson v. Resolution Trust Corp.**, 66 F.3d 956, 960 (8th Cir. 1995) (third alteration in original). "Claims administrators, however, are not automatically fiduciaries." **Chorosevic v. MetLife Choices**, 2007 WL 2159475,* 9 (E.D. Mo. 2007). Additionally, when determining an entity's status as a fiduciary, the term is to be broadly construed. **Consolidated Beef Indus, Inc. v. New York Life Ins. Co.**, 949 F.2d 960, 964 (8th Cir. 1991).

Plaintiff alleges, in part, that Principal informed her, albeit untimely, of her rights under COBRA. (Am. Compl. ¶¶ 18-19, 23.) The Plan document has Principal's name on the front cover. Plaintiff has stated a claim against Principal for equitable relief under ERISA.

In Count III, Plaintiff alleges that Principal is a plan administrator, either designated or *de facto*,[5] and as such is liable for a failure to provide her with certain Plan documents. For the reasons set forth above with respect to Counts I and IV, dismissal of Principal is premature at this stage of the proceedings.

---

[5]As noted above, the Eighth Circuit expressly declined to decide in **Hall**, 140 F.3d at 1195, whether an ERISA claim may exist against a *de facto* administrator.

## Conclusion

Plaintiff has failed to state a claim against Healthlink. She has stated a claim against Principal. Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss of Healthlink, Inc., is **GRANTED**. [Doc. 23]

**IT IS FURTHER ORDERED** that the motion to dismiss of Principal Life Insurance Company is **DENIED**. [Doc. 30]

**IT IS FINALLY ORDERED** that the claims of Annette P. Jones against Healthlink, Inc., are DISMISSED.


/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  12th  day of November, 2009.